**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                                    :
DAVID L. NASH,                      :    Civil Action No. 02-2082 (MLC)
                                    :
          Petitioner,               :
                                    :
     v.                             :         O P I N I O N
                                    :
ROY HENDRICKS, et al.,              :
                                    :
          Respondents.              :
                                    :
```

**APPEARANCES**:

    DAVID L. NASH, #275671/302697A
    South Woods State Prison, 215 South Burlington Road
    Bridgeton, New Jersey  08302
    Petitioner Pro Se

    THOMAS F. KELAHER, OCEAN COUNTY PROSECUTOR
    THOMAS CANNAVO, ASSISTANT PROSECUTOR
    P.O. Box 2191, Toms River, New Jersey  08754

**COOPER**, District Judge

Petitioner, David L. Nash, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in New Jersey Superior Court on three grounds.  On July 15, 2004, this Court stayed the action as a mixed petition because two grounds were unexhausted, administratively terminated the case, directed Petitioner to exhaust his two unexhausted claims before the New Jersey courts, and permitted Petitioner to move to reopen the case after timely exhaustion of his claims.

On July 11, 2006, this Court granted Petitioner's motion to reopen the case, and directed the parties to file supplemental pleadings.  Respondents filed a Supplemental Answer and

Memorandum on March 26, 2007, together with a supplemental record, seeking dismissal of the recently exhausted grounds as procedurally defaulted and dismissal of the ineffective assistance of counsel claim on the merits.  On April 26, 2007, Petitioner filed a Supplemental Traverse.  For the reasons expressed below, this Court will dismiss the Petition with prejudice and deny a certificate of appealability.

## BACKGROUND

Petitioner challenges a judgment of conviction filed in New Jersey Superior Court, Ocean County, on November 6, 1995, after a jury found him guilty of third-degree burglary, first-degree arson, third-degree receiving stolen property, second-degree purposeful or knowing release or abandonment of toxic pollutants, and related charges.  See State v. Nash, No. A-2028-99T4 slip op., p. 2 (N.J. App. Div., April 25, 2001).  In a simultaneous bench trial, Petitioner was found guilty of second-degree prohibited possession of a weapon by a convicted felon.  Id.  The state's motion for imposition of an extended term was granted, and Petitioner was sentenced to an aggregate term of life imprisonment plus 40 years, with a 45-year period of parole ineligibility.  Id.  Petitioner appealed, and on September 17, 1997, the New Jersey Appellate Division affirmed the conviction and sentence.  See State v. Nash, No. A-3402-95T4 (N.J. App. Div., Sept. 17, 1997).  On February 11, 1998, the New Jersey

Supreme Court denied certification.  See State v. Nash, 153 N.J. 51 (1998) (table).

In May 1998, Petitioner filed his first petition for post-conviction relief in New Jersey Superior Court, which denied post-conviction relief on September 17, 1999, without an evidentiary hearing.  Petitioner appealed, and on April 25, 2001, the Appellate Division affirmed the order denying post-conviction relief.  See State v. Nash, Docket No. A-2028-99T4 slip op. (N.J. App. Div., April 25, 2001).  On July 24, 2001, the New Jersey Supreme Court denied certification.  See State v. Nash, 169 N.J. 611 (2001) (table).

Petitioner executed the § 2254 Petition presently before this Court on April 22, 2002.  The Clerk received it on April 30, 2002.  The Petition presents the following grounds:

> Ground One:  CONVICTION OBTAINED BY USE OF EVIDENCE OBTAINED PURSUANT TO AN UNLAWFUL ARREST.
>
> Supporting FACTS:  On September 3, 1994, in the City of Toms River, State of New Jersey, petitioner was unlawfully arrest[ed] for the crimes of burglary, arson, unlawful taking, receiving stolen property, theft by deception, release toxic pollutant and the discharge of a pollutant.  The crimes w[ere] not committed by petitioner, the petitioner was implicated from incriminating statements . . . .  Despite petitioner's objections to being placed into custody, and in the absence of any Miranda warnings prior to or at the time of being placed into custody, as well as the <u>absence of a valid arrest warrants or any grounds</u> that would indicate reasonable or probable cause to arrest petitioner for the crimes . . . , petitioner was allegedly implicated from incriminating statements made by a co-defendant, that were subsequently used against

3

petitioner at trial, and which resulted in petitioner's conviction . . .

Petitioner did not receive an opportunity for full and fair litigation of this claim in state court because, the petitioner submits that trial counsel was ineffective due to his failure to file any pre-trial motions of the multitude of un-authorized arrest warrants, which do not establish[] the required probable cause rendering the conviction and sentence illegal.

The multitude of arrest warrants signed against Petitioner, by Investigator Lightbody, of the Ocean County Prosecutor's Office, was not evaluated by the proper judicial officer to warrant a finding[] of probable cause, or was not given the proper oath to be evaluated the legal sufficienc6y of the sworn facts and the credibility of Investigator Lightbody's guarantee by the United States Constitution.

Ground Two:   DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL.

Supporting FACTS:  Trial counsel made several critical errors that were beyond the range of professionally competent assistance and materially contributed to petitioner's conviction.

    (a) Trial counsel's failure to make a motion to sever the counts in the indictment.

    (b) Trial counsel's failure to obtain the assistance of an arson expert.

    (c) Trial counsel['s] failure to call witnesses materially related to the allege[d] allegation of an arson at 138 Toms River Road, Jackson, namely the police officers who investigated and determined that the fire was started by an electrical malfunction in or around the kitchen ceiling area near a pantry.  The structure fire is being termed as accidental.  The Investigating Officer, Detective Kevin Low, of the Jackson Police Department contacted the owner [and] advised him of his determination as to the cause of the fire and rated the fire as EXCEPTIONAL CLEARANCE on his report.

Ground Three:  SELECTIVE AND VINDICTIVE PROSECUTION: THE PROSECUTOR'S OFFICE RETALIATE[D] AGAINST THE PETITIONER FOR LAWFULLY BIDDING ON SEIZED PROPERTY AT PROSECUTOR'S AUCTION.

> Supporting FACTS: On July 23, 1994, the petitioner entered into a competition at an auction conducted by the Ocean County Prosecutor's Office from seized property. Upon the comp[l]etion of the auction the petitioner was the successful bidder. The petitioner at the time refused to pay for the items on the successful bids. Ten days after the auction, the Prosecutor took its first steps to launch a campaign against the petitioner in retaliation for the failure to make payments for the successful bids.

(Pet. ¶¶ 12.A., 12.B., 12.C.)

On May 14, 2002, this Court notified Petitioner of his rights pursuant to Mason v. Myers, 208 F. 3d 414 (3d Cir. 2000), and gave him an opportunity to withdraw the Petition and file one all-inclusive petition. On June 13, 2002, Petitioner asked this Court to consider the Petition as filed. On July 8, 2002, this Court ordered Respondents to file an answer and copy of the state court record. On August 28, 2002, Respondents filed an Answer, seeking dismissal of the Petition as time-barred, unexhausted, and on the merits. On October 9, 2002, Petitioner filed a Traverse. On July 15, 2004, this Court stayed the action as a mixed petition (finding Grounds One and Three unexhausted), administratively terminated the case, directed Petitioner to exhaust the unexhausted claims before the New Jersey courts, and permitted Petitioner to file a motion to reopen the case after timely exhaustion of his claims.

On July 11, 2006, this Court granted Petitioner's motion to reopen, and directed the parties to file supplemental pleadings. Respondents filed a Supplemental Answer and Memorandum on March

26, 2007, together with a supplemental record, seeking dismissal of Grounds One and Three as procedurally defaulted, and dismissal of Ground Two on the merits.  On April 26, 2007, Petitioner filed a Supplemental Traverse.

## DISCUSSION

### I. Procedural Default

This Court may not consider the merits of Ground One and Ground Three under § 2254 without first addressing Respondents' contention that Petitioner procedurally defaulted these claims. See House v. Bell, 126 S.Ct. 2064, 2068 (2006); Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

A district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted state court remedies for all grounds presented in the petition or such process is unavailable or ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Rhines v. Weber, 544 U.S. 269, 273-75 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  Specifically, § 2254 provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) "there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B); see Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513; Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993).  Also, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

The exhaustion doctrine requires a petitioner to fairly present each federal claim to each level of the state court system.  See Baldwin v. Reese, 541 U.S. 27 (2004); O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Burkett v. Love, 89 F.3d 135, 138 (3d Cir. 1996).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the state's highest court.  O'Sullivan, 526 U.S. at 845; see Baldwin, 541 U.S. at 29.  To satisfy the total exhaustion requirement, a petitioner in the custody of the State of New Jersey must present each federal claim to the New Jersey Superior Court, Appellate Division, and New Jersey Supreme Court in a petition for certification.  See Toulson, 987 F.2d at 987-89.

When the merits of a federal claim have not been reviewed by the state courts because the last state court to consider the claim found the claim procedurally barred, the exhaustion

requirement is satisfied because there is "an absence of available State corrective process." 28 U.S.C. § 2254(b). See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 732 (1991). Federal courts "therefore require a prisoner to demonstrate cause for his state-court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim. The one exception to that rule . . . is the circumstance in which the habeas petitioner can demonstrate a sufficient probability that our failure to review his federal claim will result in a fundamental miscarriage of justice." Edwards, 529 U.S. at 451; see House, 126 S.Ct. at 2068 ("Out of respect for the finality of state-court judgments federal habeas courts, as a general rule, are closed to claims that state courts would consider defaulted"); Gray v. Netherland, 518 U.S. 152, 162 (1996) ("procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default").

"A state rule provides an adequate and independent basis for precluding federal review if (1) the rule speaks in unmistakable

terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) their refusal was consistent with other decisions." Nara v. Frank, 488 F. 3d 187, 199 (3d Cir. 2007).

As previously stated, to allow federal habeas review of the merits of a procedurally defaulted claim, the petitioner must show cause for the procedural default and prejudice from the asserted error, or demonstrate that failure to consider the federal claims will result in a fundamental miscarriage of justice. See House, 126 S.Ct. at 2076; Harris v. Reed, 489 U.S. 255, 262 (1989); Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999). The cause standard requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts to comply with the [applicable] procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999). "Objective factors that constitute cause include interference by officials that makes compliance with the [ ] procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel." McCleskey v. Zant, 499 U.S. 467, 493-94 (1991) (cite and internal quotes omitted); see Edwards, 529 U.S. at 451 ("ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is *itself* an independent constitutional claim); Johnson v. Pinchak, 392 F.3d 551, 563 (3d Cir. 2004)

9

(noting "cause" typically involves novel constitutional rule, new factual predicate, hindrance by state court in complying with procedural rule, or constitutionally ineffective counsel). But a procedural default caused by counsel's tactical decision, ignorance of the law or facts, or inadvertence that is short of constitutional ineffectiveness is binding on the habeas petitioner. See Murray, 477 U.S. at 485-87.[1]

Prisoners asserting innocence as a gateway to defaulted claims must "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt - or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." House, 126 S.Ct. at 2077; see Schlup v. Delo, 513 U.S. 298, 327 (1995); Slutzker v. Johnson, 393 F.3d 373, 381 n.7 (3d Cir. 2004). "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims. Yet a petition supported by a convincing Schlup gateway showing 'raise[s] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the

---

[1] See Coleman, 501 U.S. at 753 ("[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error") (cites and internal quotes omitted); Murray, 477 U.S. at 485-87 (neither pro se prisoner's ignorance of procedural rule nor inadvertence satisfies cause standard); Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992) (failure of state court to "bend the rules" for pro se litigant is not cause).

trial without the assurance that that trial was untainted by constitutional error'; hence, 'a review of the merits of the constitutional claims' is justified." House, 126 S.Ct. at 2077 (quoting Schlup, 513 U.S. at 317).

The supplemental record here shows that, on July 28, 2004, Petitioner presented Ground One and Ground Three to New Jersey Superior Court in a second petition for post-conviction relief. On July 30, 2004, Superior Court Judge James N. Citta denied post-conviction relief exclusively on the ground that the petition was barred by New Jersey Court Rule 3:22-12(a), which requires a petition for post-conviction relief to be filed within "5 years after rendition of the judgment or sentence sought to be attacked unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect." N.J.Ct.R. 3:22-12(a). Petitioner appealed, and on September 6, 2005, the Appellate Division affirmed, finding the petition procedurally barred and not reaching the merits:

> We . . . affirm. The trial judge is correct. The time bar set by Rule 3:22-12 precludes consideration of these PCR petitions. Moreover, the petition is also barred by Rule 3:22-4, because defendant did not raise the issue on direct appeal or in the first PCR petition.

State v. Nash, No. A-0721-04T2 slip op., p. 3 (N.J. App. Div., Sept. 6, 2005). On January 19, 2006, the New Jersey Supreme

11

Court denied certification.[2]  See State v. Nash, 186 N.J. 242 (2006) (table).

The denial of Petitioner's second petition for post-conviction relief by the New Jersey courts as procedurally barred by New Jersey Court Rules 3:22-4 and 3:22-12 constitutes a state procedural ground adequate to bar federal review of Ground One and Ground Three, absent a showing of cause and prejudice or a fundamental miscarriage of justice.  See Johnson, 392 F.3d at 558-63 (3d Cir. 2004) (holding New Jersey Court Rule 3:22-12 was independent and adequate basis for precluding federal habeas review); Cabrera, 175 F.3d at 312-14 (holding New Jersey Court Rule 3:22-4 was independent and adequate ground, precluding habeas review).

Although Respondents argued in their Supplemental Memorandum that Ground One and Ground Three were procedurally defaulted, Petitioner did not contend in his Supplemental Traverse that the procedural default should be excused under the applicable standards.  As Petitioner procedurally defaulted Ground One and Ground Three, and has not shown cause and prejudice or a

---

[2]  The New Jersey Supreme Court's denial of certification without explanation did not remove the procedural default.  Where one state judgment rejects a petitioner's federal claims on state procedural grounds, "later unexplained orders upholding that judgment or rejecting the same claims rest upon the same ground."  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

fundamental miscarriage of justice, this Court may not entertain the merits of Ground One and Ground Three.

## II. Ineffective Assistance of Counsel

### A. Standard of Review

A federal court may grant habeas relief when a state court has adjudicated Petitioner's federal claim on the merits. See 28 U.S.C. § 2254(d). Where a federal claim was "adjudicated on the merits" in state court proceedings, the writ must be denied unless adjudication of the claim either involved an unreasonable application of clearly established federal law, or was based on unreasonable determination of the facts in light of the evidence before the state court. See 28 U.S.C. § 2254(d). Specifically, § 2254(d) provides:

> (d) An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The unreasonableness standards of § 2254(d) govern only claims that were "adjudicated on the merits in State Court proceedings." 28 U.S.C. § 2254(d). "An 'adjudication on the

merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (cites and internal quotes omitted), rev'd on other grounds sub nom. Rompilla v. Beard, 545 U.S. 374 (2005); see Rolan v. Vaughn, 445 F. 3d 671, 678 (3d Cir. 2006) ("because the PCRA appellate court found that Vargas was not willing to testify at the guilt phase of Rolan's trial, its decision to deny habeas relief on that basis constituted an adjudication on the merits"). A state court may render an adjudication on the merits of a federal claim by rejecting the claim without any discussion whatsoever. See Rompilla, 355 F.3d at 247. On the other hand, "[i]f the petitioner's legal claims were presented but not addressed by the state courts, 28 U.S.C. § 2254(d) does not apply, and federal courts undertake a de novo review of the claim." Rolan, 445 F. 3d at 678.

As the New Jersey courts adjudicated Petitioner's ineffective assistance of counsel claims on the merits, this Court may not grant relief unless either § 2254(d)(1) or § 2254(d)(2) is satisfied. See 28 U.S.C. § 2254(d). Accordingly, this Court may not grant habeas relief to Petitioner unless the adjudication of this claim by the New Jersey courts involved an unreasonable application of clearly established Supreme Court law, see 28

14

U.S.C. § 2254(d)(1), or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding and Petitioner is in custody in violation of the Constitution or laws of the United States, see 28 U.S.C. § 2254(a), (d)(2).

A court, under § 2254(d)(1), must determine the relevant law clearly established by the Supreme Court.  See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004).  Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 529, 412 (2000).  A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams, 529 U.S. at 405-06.  Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of

15

the prisoner's case."  Williams, 529 U.S. at 413.  Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.  Id. at 409-10.[3]  "The unreasonable application test is an objective one - a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly."  Thomas v. Varner, 428 F. 3d 491, 497 (3d Cir. 2005), cert. denied sub nom., Palakovich v. Thomas, 127 S.Ct. 928 (2007).

**B.    Application of Standard**

Petitioner claims in Ground Two that trial counsel was constitutionally ineffective in failing to (a) move to sever the counts in the indictment, (b) obtain the assistance of an arson expert, and (c) call Detective Kevin Low, the police officer who investigated the fire at issue, and determined that the fire was started by an electrical malfunction.  (Pet. ¶ 12.B.)  Petitioner presented his ineffective assistance of counsel claims to the New Jersey courts in his first petition for post-conviction relief.  The Superior Court rejected the claims, "concluding that there was no showing that trial counsel's performance prejudiced

---

[3] "[D]ecisions of federal courts below the level of the United States Supreme Court may be helpful to [a court] in ascertaining the reasonableness of state courts' application of clearly established United States Supreme Court precedent, as well as helpful amplifications of that precedent."  Marshall v. Hendricks, 307 F.3d 36, 71 n.24 (3d Cir. 2002) (cites and internal quotes omitted).

16

defendant. The judge noted that the evidence against defendant was overwhelming. Thus, even if trial counsel committed errors of judgment, these would not have made any difference." State v. Nash, No. A-2028-99T3 slip op., p. 3 (N.J. App. Div., April 25, 2001). The Appellate Division rejected the merits of the ineffective assistance claims as follows:

> We have carefully considered these arguments and conclude that they are without merit and do not warrant discussion in a written opinion. R. 2:11-3(e)(2). We merely note that a defendant seeking to vacate a conviction on the grounds of ineffective assistance of counsel has the heavy burden of proving both that his counsel's performance was deficient and that such deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668 . . . Here, we agree with Judge Citta that even assuming that trial counsel's performance was deficient, defendant has not made the necessary showing, that but for trial counsel's performance, the outcome would have been different.

State v. Nash, No. A-2028-99T3 slip op., p.4.

The Sixth Amendment, applicable to states through the Due Process Clause of the Fourteenth Amendment, guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. See Strickland v. Washington, 466 U.S. 668, 686 (1984).

A claim that counsel's assistance was so defective as to require a conviction's reversal has two components, both of which

17

must be satisfied.  See Strickland, 466 U.S. at 687.  First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness."  Id. at 687-88.  Thus, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690.  The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance.  Id.  In assessing counsel's duty to investigate, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.  In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."  Id. at 691.

    The defendant then must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  Id. at 695.  Thus:

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported

>by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

Strickland, 466 U.S. at 695-696.

A court need not address both components of an ineffective assistance claim "if the defendant makes an insufficient showing on one." Id. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

This Court finds that rejection of Petitioner's ineffective assistance of counsel claims by the New Jersey courts was not contrary to, or an unreasonable application, of Strickland. Thus, Petitioner is not entitled to habeas relief on Ground Two.

### III. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA") on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that

19

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) on Ground One and Ground Three because jurists of reason would not find it debatable that dismissal of these grounds as procedurally defaulted is correct. This Court denies a certificate of appealability on Ground Two because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court will dismiss the Petition for a Writ of Habeas Corpus with prejudice and deny a certificate of appealability.

                                       s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                       United States District Judge

**Dated:**     October 18, 2007